This paper did not constitute the contract for commissions, but was relevant and important only as corroboration evidence of plaintiff's testimony that he had been employed to make and had made the sale. The evidence was conflicting as to the circumstances under which the paper was signed. The plaintiff testified that it was given to him by one of the defendants a couple of days after Cooper had agreed to purchase the property, and that defendant's excuse for postponing the payment of the commission was that Cooper had only paid $150 on account of the purchase. The defendant who signed the paper testified that it was signed on the night before the formal contract was made, and then delivered to Cooper, and that no one was present except himself and Cooper. He was then asked what occurred when the paper was signed, and on objection to the question on the ground that the transaction was not in the presence of the plaintiff it was excluded. In our opinion, the exception to this ruling justified the order setting aside the verdict. As has been pointed out, the significance of the paper, known in the case as "Exhibit D," was that it appeared to corroborate plaintiff's claim that defendants had employed and recognized him as the broker in the transaction; that it was, in effect, an admission of his story. It is a general rule that a party against whom an admission is sought to be shown has the right to show the whole admission and the circumstances attending its making. In testing the admissibility of the evidence sought to be elicited, we must accept the defendants' evidence that the paper was given not to plaintiff, but to Cooper, and that plaintiff was not present. We have, therefore, the case of an apparent admission made to Cooper that Badanes, the plaintiff, was entitled to the commission for the sale of the property. It seems quite clear from this point of view that defendants should have been permitted to show the circumstances attending the making of the admission. It follows that the order was right, and must be affirmed, with costs.

Order affirmed, with costs and disbursements. All concur.

---

## ULLMANN et al. v. SOUTHERN RY. CO.

(Supreme Court, Appellate Term. April 24, 1905.)

1. CARRIERS—MISDELIVERY—DEFENSES.

In an action against a carrier for misdelivery of a case of goods, defendant alleged that, when the case was placed in storage, there were two other similarly marked cases in the storehouse, and that when H., to whom notice of arrival of the case in question was given, presented a bill of lading for two cases, defendant, without any negligence, delivered to him two of the three cases, and subsequently redelivered the third case to its connecting carrier. *Held*, that such defense was fatally defective for failure to allege that plaintiff either consigned or had anything to do with the other cases similarly marked.

2. SAME.

Where, in an action for misdelivery of goods to H., the bill of lading attached to the answer showed that the goods were consigned to the order of U. & Co., a special defense alleging delivery to H., without any

negligence on the part of the carrier, but failing to allege that the con-' signees had indorsed the bill of lading presented by H., or that he was entitled to receive the goods, was insufficient as a clear, precise, and un-equivocal statement of new matter constituting a defense, as required by Code Civ. Proc. § 500, subd. 2.

Appeal from City Court of New York, Trial Term.

Action by Louis Ullmann and another against the Southern Railway Company. From an interlocutory judgment overruling plaintiffs' demurrer to defendant's second separate defense, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Goodale & Hanson, for appellants.

Stetson, Jennings & Russell (Allen Wardwell, of counsel), for respondent.

GREENBAUM, J. The plaintiffs' demurrer attacks the sufficiency of the alleged second defense, which seeks to defeat plaintiffs' recovery upon the ground that an alleged misdelivery of a case of goods intrusted to the defendant as a common carrier was due to the plaintiffs' negligence. The defense alleges that a case of goods received by it from the Old Dominion Steamship Company upon a bill of lading issued to the plaintiffs was duly transported by it to the city of its destination; that due notice of its arrival was given to one M. Hirsh, the person directed to be notified in the bill of lading; that, no demand for delivery having been made, the case was placed in storage. Defendant further alleged that at the same time there were two other cases in its storehouse marked in the same manner as the case referred to in the complaint, and that, when the said Hirsh subsequently presented a bill of lading for two cases, the defendant, "without any negligence on its part," delivered to him two of the said three cases, and subsequently, pursuant to a notice from the Old Dominion Steamship Company, returned the third case to that company. The defense closes with a conclusion of the pleader "that the misdelivery, if any, was due to the negligence of the plaintiffs, or failing to properly mark each of the said three cases so that they could be identified."

The difficulty with the defense attempted to be pleaded is that it does not allege that plaintiffs consigned the two other cases transported by the defendant, or that plaintiffs had anything to do with said cases, nor are there any facts stated from which it may be inferred that plaintiffs were the consignors of the other two cases, or were in any way connected with the marks upon them. There is no allegation showing how the several cases were marked, the pleader contenting himself with alleging a conclusion that the two other cases were marked "in the same manner as the case referred to in the complaint." Reference to the copy bill of lading annexed to and referred to in the answer shows that the goods were consigned to L. Ullmann & Co. (not Hirsh), that the bill of lading contained the word "order" before the name of the consignees, L. Ullmann & Co., and that in such cases a proper indorsement by the

consignees was required before the delivery of the property at destination. There is no allegation that the consignees had indorsed the bill of lading presented by M. Hirsh, or that M. Hirsh was entitled to receive the goods. Subdivision 2 of section 500 of the Code of Civil Procedure requires "a clear, precise and unequivocal statement of any new matter constituting a defense or counterclaim." The pleading to which the demurrer was interposed should be condemned as being neither clear, precise, nor unequivocal. It states no defense, and is insufficient in law, and the demurrer should not have been overruled.

The interlocutory judgment entered should be reversed, and the demurrer to the second separate defense sustained, with costs below and costs of this appeal, with leave to defendant to amend within six days upon the payment of all costs. All concur.

